UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB MARCUS KORNBLUE,<br><br>Defendant. | Case No. 18-cr-00289-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY AND REQUESTING THAT BUREAU OF PRISONS IMMEDIATELY RECALCULATE RELEASE DATE**<br><br>Re: Dkt. No. 93 |

Defendant Jacob Kornblue pled guilty to one count of possession of a firearm with an obliterated serial number pursuant to 18 U.S.C. § 922(k), and he is currently serving a sentence of 12 months and 1 day. Defendant is currently incarcerated at Santa Rita Jail, and he has not been designated to a Bureau of Prisons ("BOP") facility due to the COVID-19 pandemic. Kornblue's projected release date is October 25, 2020, although the parties agree that this likely does not include any calculation for "good time" credit, as discussed *infra*. Defendant requests that the Court reduce his sentence to time served and to amend the conditions of his supervised release to instead include four months of home confinement.

Defendant has filed motions seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction

>    . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id*. Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because the COVID-19 pandemic is spreading at Santa Rita Jail, which he describes as a "mega jail." Defendant also asserts that the delay in transferring him to a BOP facility is impacting this Court's recommendation that he be released as early as possible to a Residential Re-entry Center. Defendant also states that he has been unable to participate in ongoing custody proceedings involving his children while at Santa Rita, and that if he is released to home confinement he would be able to do so.

The government contends that defendant has not shown "extraordinary and compelling" reasons for compassionate release, and that the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. The government does not contend that defendant is required to further exhaust administrative remedies.[1]

The Court has carefully considered the parties' arguments and the record in this case and concludes that defendant has not shown that relief is warranted. Although the Court is very concerned about the spread of COVID-19 at Santa Rita Jail, defendant concedes that he is relatively young (he just turned 40), he is in comparatively good health, and he does not have any underlying health conditions that place him at particular risk. Motion at 10. Further, to grant compassionate release, the Court must, *inter alia*, find that release does not pose a danger to the community. The Court is troubled by the fact that when law enforcement officers executed the search warrant leading to the conviction in this case, officers found numerous firearms, a homemade silencer, body armor, brass knuckles, ammunition, and high capacity magazines.

**However, the Court does find it appropriate to request that BOP immediately calculate defendant's release date**. Defendant's reply states that the October 25, 2020 release date does not factor in 54 days of good time credit that defendant should be entitled to, which would bring his

---

[1] Defendant requested that the BOP grant him compassionate release, and the BOP responded that it could not consider the request because Santa Rita is not a BOP facility. At the same time, Santa Rita officials do not have the authority to release federal inmates.

release date to September 1, 2020.  Reply at 6.  Further, defendant states that he believes he is entitled to further credits from BOP as he was in federal custody starting on September 18, 2019, and that if that time was credited, his release date would be in July 2020.

**The government shall serve a copy of this order on the BOP.**

      **IT IS SO ORDERED**.

Dated: May 14, 2020

_____
SUSAN ILLSTON
United States District Judge